IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES BRIAN HARDIN                                                                                    PLAINTIFF

vs.                                          Civil No. 4:13-cv-04068

CAROLYN W. COLVIN                                                                                  DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

James Brian Hardin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his DIB application on March 2, 2011 and protectively filed his SSI application on July 12, 2011. (Tr. 13, 140-151). In his applications, Plaintiff claims to be disabled due to multiple strokes, high blood pressure, broken ribs, a cervical neck injury at C5-C6,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

"mild damage" to C2 to C3, bursitis in his shoulders, sciatic nerve damage in his hips, depression, injury to his right elbow, and 50% hearing loss in his left ear. (Tr. 163). Plaintiff alleges an onset date of August 1, 2010. (Tr. 13, 146). These applications were denied initially and again upon reconsideration. (Tr. 70-73). Thereafter, on March 21, 2012, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 92-101).

Plaintiff's administrative hearing was held on November 16, 2012 in Texarkana, Arkansas. (Tr. 37-69). Plaintiff was present at this hearing and was represented by Stanley Brummal. *Id.* Plaintiff, Vocational Expert ("VE") Russell Bowden, and Medical Expert ("ME") Dr. Murphy[2] testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 40). As for his level of education, Plaintiff testified he obtained his GED. *Id.*

On December 26, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 13-32). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act on August 1, 2010, his alleged disability onset date, and would continue to meet those requirements through at least December 31, 2015. (Tr. 16, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 1, 2010, his alleged disability onset date. (Tr. 16-17, Finding 2). The ALJ found Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine, poorly controlled hypertension with hypertensive cardiovascular disease, and cerebral microvascular disease status post several small cerebral vascular accidents (strokes). (Tr. 17-22, Finding 3). However, the ALJ determined

---

[2] The first name of "Dr. Murphy" is not included in the hearing transcript. (Tr. 38).

Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22-24, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 24-29, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of light work:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, at all times from August 1, 2010 through the date of this decision, I find he retained the residual functional capacity to frequently lift and/or carry 10 pounds and occasionally up to 20 pounds, sit 6 hours in an 8-hour workday; stand and/or walk 6 hours in an 8-hour workday; and push or pull commensurate with lifting limitations. There are no non-exertional limitations. This is commensurate with the full range of light work activity (20 CFR 404.1567(b) and 416.967(b) SSRs 83-12, 83-14, 85-15, and 96-8p).

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 29-30, Finding 6). The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 31, Finding 10). The ALJ relied upon the Medical-Vocational Guidelines or "The Grids" to make that determination. *Id.* Specifically, considering Rule 202.21 and Rule 202.22 of the Grids, the ALJ determined Plaintiff was not disabled at any time from August 1, 2010, Plaintiff's alleged onset date, through December 26, 2012, the date of the ALJ's decision. (Tr. 32, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). On May 21, 2013, the Appeals Council denied this request for review of the ALJ's unfavorable determination. (Tr. 1-3). On June 28, 2013, Plaintiff filed the present appeal. ECF No.

1. The Parties consented to the jurisdiction of this Court on June 28, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 12. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises five arguments for reversal: (1) the ALJ failed to properly consider whether his impairments meet the requirements of the Listings; (2) the ALJ erred in discrediting his subjective complaints; (3) the ALJ erred in discrediting the RFC assessment of Dr. Michael Young, M.D.; (4) the ALJ erred in failing to discuss his exertional and non-exertional limitations; and (5) the ALJ erred in presenting his hypothetical to the VE. ECF No. 10 at 1-21. The

Court has reviewed the ALJ's decision, the transcript in this matter, and the briefing filed by the Parties. Because the ALJ improperly evaluated Plaintiff's subjective complaints, the Court will only address Plaintiff's second argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, in assessing Plaintiff's subjective complaints, the ALJ did not comply with the requirements of *Polaski*. (Tr. 24-29). Although the ALJ's opinion was lengthy and detailed, the ALJ still provided no valid reasons for discounting Plaintiff's subjective complaints. Indeed, the ALJ did what is specifically prohibited by *Polaski* and discounted Plaintiff's subjective complaints based upon the fact those complaints are not supported by the objective medical evidence. *Id.* Specifically*,* the ALJ made the following findings:

- "As fully set forth above, the claimant has alleged conditions for which there is no medical support." (Tr. 25).

- "Simply, his allegations are unsupported [by the medical evidence]." (Tr. 26).

- "He has reported his daily activities are rather minimal. . . . I find that this is simply a matter of choice given the marked and gross disparity between clinical findings and subjective allegations." (Tr. 26-27).

- "Again, the objective findings are highly inconsistent with the alleged degree of limitation, and I note that no treating physician has placed any restriction on his activities." (Tr. 27).

- "In summary, clinical notations and objective findings are highly inconsistent with his allegations of rather severe functional limitations." (Tr. 27).

- "In summary, as set forth above, I find that the claimant's subjective complaints are not medically supported and are not credible in the intensity alleged." (Tr. 28).

These findings are entirely improper. *See Polaski,* 739 F.2d at 1322 (holding "[t]he adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them"). Accordingly, based upon these findings and because the ALJ disregarded Plaintiff's subjective complaints based solely on the fact that they are not supported by the objective medical evidence, this case must be reversed and remanded for further consideration of *Polaski*.[4]

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of July 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[4] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.